IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVEN DALE DILLARD | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv297 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Steven Dale Dillard, an inmate confined at the Price Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Discussion

Petitioner filed this petition for writ of habeas corpus contending he was denied due process in relation to a parole revocation hearing which occurred on September 12, 2022 in Abilene, Texas. Additionally, petitioner challenges the calculation of his sentence following revocation, asserting he has been improperly denied time credits for the time spent on parole. Further, petitioner contends he has been improperly denied the restoration of good conduct time previously earned.

Analysis

*Jurisdiction*

Section 2241 provides the general jurisdictional basis for federal courts to consider challenges to both state and federal judgments. Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

While § 2241 provides federal courts with general authority to grant habeas relief, § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments." *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000). Section 2254 applies specifically to "persons in custody pursuant to a judgment of a State court . . ." 28 U.S.C. § 2254; *Story v. Collins*, 920 F.2d 1247, 1250 (5th Cir. 1991).

Petitioner is currently confined at the Price Daniel Unit located in Snyder, Texas where he was located when he submitted the petition. The city of Snyder is located in Scurry County, Texas. Pursuant to 28 U.S.C. § 124, Scurry County is located within the jurisdictional boundaries of the United States District Court for the Northern District of Texas. While this court has concurrent jurisdiction because petitioner's original 1993 conviction occurred in Jasper County, Texas, petitioner's current challenges to his parole revocation hearing and the calculation of his good conduct time are unrelated to his original conviction. The court has considered the circumstances and has determined that the interest of justice would best be served if this petition were transferred to the division in which the petitioner is currently confined.

When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

For the reasons set forth above, this case should be transferred to the Lubbock Division of the United States District Court for the Northern District of Texas. A Transfer Order shall be entered in accordance with this Memorandum.

SIGNED this 8th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge